IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE D. BUTLER, | : |
| | :     Civil Case No. 1:08-CV-2240 |
|     Plaintiff | : |
| | :     (Chief Judge Kane) |
| v. | : |
| | : |
| WILLIAM HARTLAUB et al., | : |
| | : |
|     Defendants | : |

**MEMORANDUM**

Before the Court is Plaintiff Andre Butler's ("Butler") pro se prisoner complaint and motion to proceed *in forma pauperis*. (Doc. Nos. 2, 7.) Butler has submitted all necessary forms in support of his application and the motion is ripe for disposition. For the following reasons, the motion will be granted.

**I.    DISCUSSION**

    **A.    Proceedings *In Forma Pauperis***

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citation omitted). Leave to proceed *in forma pauperis* is based upon a showing of indigence. Deutsch v. United States, 67 F.3d 1080, 1085 n.5 (3d Cir. 1995) (citing Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). A plaintiff seeking leave must file an affidavit of poverty with the court, disclosing every source of income, financial account, and valuable property, as well as the amount of any financial support of dependent persons. The court is then required to conduct a thorough review of the affidavit and, provided it is satisfied that the plaintiff is without sufficient resources to pay the costs and fees of the proceeding, grants

leave to proceed *in forma pauperis*. Id.

In his affidavit, Butler indicates that he is incarcerated. (Doc. No. 7.) He is not presently employed at his institution of incarceration, and further swears that he does not own any cash or other property and receives no money from any source. (Doc. No. 7 ¶ 4-5.) The report on his running inmate trust fund account shows a negative balance of 11 dollars for the past 6 months. (Doc. No. 8.) Based upon these figures, the Court finds that Butler is without sufficient resources to pay the costs and fees of this proceeding. Accordingly, the Court will grant Butler's motion for leave to proceed *in forma pauperis*.

### B. Merits Analysis Under 1915(e)(2) & 1915A

Having determined that Butler is entitled to proceed *in forma pauperis*, the court is next required to assess the sufficiency of Butler's complaint under 28 U.S.C. § 1915(e)(2) before service of process. Section 1915(e)(2) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A)   the allegation of poverty is untrue; or
> (B)   the action or appeal—
>    (i)   is frivolous or malicious;
>    (ii)   fails to state a claim on which relief may be granted; or
>    (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).[1] In considering whether to dismiss a case under § 1915(e)(2)(B)(ii) for failure to state a claim, the same standard applies as for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCollough, 184 F.3d 236, 240 (3d Cir. 1999).

---

[1] 28 U.S.C. § 1915A requires the Court to undertake this same review for all prisoner civil complaints that seek redress from a governmental entity or officer or employee of a governmental entity.

In analyzing a complaint under Rule 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). The plaintiff still must provide more than a formulaic recitation of a claim's elements that amounts to mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Additionally, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. While these requirements still apply, a pro se complaint should be liberally construed no matter how inartfully pleaded. Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004).

Here, Butler has submitted his complaint on a pro se civil rights form alleging violations of 42 U.S.C. § 1983. (Doc. No. 1.) § 1983 provides a cause of action when a person acting under color of law deprives the plaintiff of a federal right. Berg v. County of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000). Butler sets forth the entirety of his allegations against the Defendants as follows:

> Arrested at (grocery store) Food Lion. These police cut off my clothes (NAKED!) in front of the public passer-bys, (And) public individuals witnessed my nakedness.

(Id. at 2.) Butler asks for damages and a reprimand to the police on account of this search. (Id. at 3.) Butler further requests a court-appointed attorney and private investigator and also that the Court "remand back for pretrial motions to suppress evidence . . . ." (Id.)

While the complaint is not specific about the federal rights at issue, there is no doubt that these sparse allegations raise potential Fourth and Fourteenth Amendment violations. The

overriding function of the Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the state. Schmerber v. California, 384 U.S. 757, 767 (1966). There can be no doubt that a strip-search is a significant intrusion on an individual's privacy. See, e.g., United States v. Whitted, 541 F.3d 480, 486 (3d Cir. 2008); Swain v. Spinney, 117 F.3d 1, 6 (1st Cir. 1997). As the Supreme Court has noted, even in the controlled setting of a prison or station-house, invasive strip-searches can sometimes be inappropriate:

> Police conduct that would be impractical or unreasonable - or embarrassingly intrusive - on the street can more readily - and privately - be performed at the station. For example, the interests supporting a search incident to arrest would hardly justify disrobing an arrestee on the street, but the practical necessities of routine jail administration may even justify taking a prisoner's clothes before confining him, although that step would be rare.

Illinois v. Lafayette, 462 U.S. 640, 645 (1983). In assessing the lawfulness of a strip search, a court must consider the totality of the circumstances, including "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." United States v. Cofield, 391 F.3d 324, 336 (1st Cir. 2004) (quoting Bell v. Wolfish, 441 U.S. 520, 559 (1979)). While the sparsity of allegations in the complaint make it difficult to assess these circumstances, construed liberally, Butler's complaint is sufficient to withstand scrutiny at least with regard to the preliminary examination anticipated by § 1915(e)(2) and § 1915A. The Court notes, however, that some of Butler's requests, including for instance, that the Court "remand back for pretrial motions to suppress evidence," suggest that this action may fall under the bar to § 1983 actions where a judgment in favor of the plaintiff could necessarily imply the invalidity of a criminal conviction or sentence. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). Given the standard articulated above and uncertainty

about the connection between his arrest and this matter, Butler would be well advised to make more detailed allegations about the circumstances surrounding this incident and his incarceration in the amended complaint.

The complaint does not state a viable claim against Defendants named as "superiors etc. etc.," on the original complaint, which seemingly includes: the Adams County Police Department, Pennsylvania State Police Department, and unnamed superiors of the Defendant police officers.[2] "The Supreme Court has held that municipal liability under § 1983 cannot be based on the respondeat superior doctrine, but must be founded on evidence that the government unit itself supported a violation of constitutional rights." Watson v. Abington Tp. 478 F.3d 144, 155 (3d Cir. 2007). The plaintiff must therefore show either that a policy-making official has affirmed or acquiesced in the allegedly offending policy or that the policy is so well-settled that it constitutes a custom within the agency. Id. at 155-56. Further, as for the officer's individual superiors, "[a]n individual government defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

Here, Butler fails to assert any allegations in his complaint that would support liability against these agencies and individuals. As such, these claims will be dismissed. In civil rights cases, however, district courts must generally *sua sponte* extend plaintiffs an opportunity to amend before dismissing a complaint. Fletcher-Harlee Corp. v. Pote Concrete Contractors, 482

---

[2] Butler's caption on his application to proceed *in forma pauperis* includes "The Pennsylvania State Police and Superiors" as well as "Adams County Police and Superiors." (Doc. No. 7.) These Defendants were not appropriately named on Butler's original complaint and therefore have not been listed on the official docket caption. Because the Court will require Butler to amend his complaint, he must specifically name these potential Defendants in the caption if he still desires to pursue any claims against them in this action; "etc. etc." is not sufficient to satisfy Federal Rule of Civil Procedure 10.

F.3d 247, 253 (3d Cir. 2007). A district court can refuse to permit a curative amendment on grounds of bad faith, undue delay, prejudice, or futility, however. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). The Court cannot determine from these allegations whether a curative amendment would be futile as to these claims, so Butler will be granted leave to properly[3] amend his complaint to attempt and cure the noted deficiencies if the claims have merit.[4]

### C. Court-Appointed Counsel

Butler represents in his complaint that he is "mentally slow" and requests that the Court appoint counsel for him in this matter. (Doc. No. 1 at 4.) Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. Montogomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002). The *in forma pauperis* statute provides, however, that "[t]he court may request an attorney to represent any person unable to afford counsel." 18 U.S.C. § 1915(d). In considering whether to make this request, the Court initially must determine if the case has merit. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). The Court then considers several additional factors, including but not limited to: 1) the plaintiff's ability to present his or her own case; 2) the difficulty of the particular legal issues, 3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation, 4) the plaintiff's capacity to retain counsel on his or her own behalf, 5) the extent to which a case is likely to turn on credibility determinations, and 6) whether the case will require testimony from expert witnesses.

---

[3] The Plaintiff is referred to Federal Rules of Civil Procedure 8, 9, and 10 for the rules of pleading in federal court.

[4] Rule 11 provides that, by presenting the court with a pleading or other paper, that the party certifies to the best of the person's knowledge and belief, formed after an inquiry reasonable under the circumstances, that the factual contentions have evidentiary support, or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. See Fed. R. Civ. P. 11(b). Sanctions may be imposed for violation of this rule. See Fed. R. Civ. P. 11(c).

Montogomery 294 F.3d at 499 (citing Tabron, 6 F.3d at 155).  Additionally, a court may undertake this analysis and make the request under § 1915(d) at any point in the litigation. Tabron, 6 F.3d at 156.

      Here, the Court is not prepared to find that a request for counsel is appropriate.  Though the complaint is partially sufficient to survive preliminary review, the sparse allegations and questionable aspects discussed above make it difficult to determine whether the case merits the "extremely valuable" time of a volunteer lawyer.  Id. at 157.  Further, Butler has not sufficiently shown that his situation would satisfy the other factors mentioned above.  As such, the Court will deny Butler's request at this time, but will further consider the need for counsel as the case progresses.

## II.  CONCLUSION

      For the foregoing reasons, the Court will grant Butler's application to proceed *in forma pauperis* (Doc. No. 7), and allow the claims against Defendants John Brumbaugh and William Hartlaub to go forward at this time.  Butler has failed to state a claim against Defendants: Adams County Police Department, Pennsylvania State Police Department, and the unnamed superiors of the Defendant police officers (all currently un-captioned).  As such, any claims against these Defendants will be dismissed, but Butler will be granted leave to amend to cure these deficiencies.  Butler's request for an attorney is denied at this time.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE D. BUTLER, | : |
|       Plaintiff | :    Civil Case No. 1:08-CV-2240 |
| v. | :    (Chief Judge Kane) |
| WILLIAM HARTLAUB et al., | : |
|       Defendants | : |

## ORDER

**AND NOW**, this 27th day of January 2009, having considered Plaintiff Andre D. Butler's motion to proceed *in forma pauperis* (Doc. Nos. 2; 7) and for the reasons set forth in the Court's memorandum opinion filed herewith, **IT IS HEREBY ORDERED THAT** the motion is **GRANTED**.

    **IT IS FURTHER ORDERED THAT**:

1. Pursuant to preliminary review of the complaint as required by 28 U.S.C. § 1915(2)(B)(ii), any claims against Adams County Police Department, Pennsylvania State Police Department, and unnamed superiors of the Defendant officers under 42 U.S.C. § 1983 are **DISMISSED**. The Plaintiff is granted leave to amend as to these claims to attempt and cure the current deficiencies if the claims have merit.

2. Plaintiff shall **AMEND** his complaint (Doc. No. 1) to fully name all of the parties, and otherwise comply with the Federal Rules of Civil Procedure 8, 9, and 10. The Plaintiff shall also include any further information he can provide about the Defendants (such as mailing address) to assist in locating and serving them with process.

3. Plaintiff shall **FILE** said amended complaint within thirty (30) days of the date of this order.

4. Plaintiff's request for appointment of counsel is **DENIED** at this time.

          <u>S/ Yvette Kane</u>
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania