# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE D. BUTLER, | : |
|     Plaintiff | : Civil Case No. 1:08-CV-2240 |
| v. | : (Chief Judge Kane) |
| WILLIAM HARTLAUB et al. | : |
|     Defendants | : |

## MEMORANDUM

Before the Court is Defendants William Hartlaub ("Hartlaub") and John Brumbaugh's ("Brumbaugh") motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. No. 31.) Defendant Conewago Township Police Department has joined in the motion. (Doc. No. 42.) The motion is ripe for disposition. For the reasons that follow, the motion will be denied.

## I. BACKGROUND

### A. Factual Background[1]

On April 11, 2008, Plaintiff Andre D. Butler ("Butler") was arrested for criminal offenses related to drugs at a Food Lion grocery store parking lot located in Hanover, Pennsylvania. (Doc. No. 32 ¶ 1.) Defendants Hartlaub and Brumbaugh participated in the arrest. (Id. ¶ 2.) During the arrest, Defendants claim Hartlaub frisk searched Butler and discovered a section of his underwear that he believed contained a stash of drugs. At this point, while still in the parking lot, Hartlaub cut a portion of the plaintiff's underwear to retrieve the substance, which was believed to be cocaine. The exact circumstances of this search are in dispute. Plaintiffs allege

---

[1] The following facts are undisputed unless otherwise indicated. (See Doc. Nos. 32; 39.)

that Hartlaub first pulled down Butler's pants and used a knife to cut off his underwear, leaving Butler completely exposed in the Food Lion parking lot. (Doc. No. 25 ¶¶ 11-13.) Defendants deny that Hartlaub pulled down Butler's pants and that he was fully exposed to the public. (Doc. No. 30 ¶¶ 10-12.)

As a result of this arrest and search, Butler was prosecuted for drug offenses in the Court of Common Pleas in Adams County, Pennsylvania. (Id. ¶ 3.) During the criminal proceedings, Butler's counsel filed a motion to suppress evidence found on Butler's person during his arrest, contending the search "was so intrusive and contrary to any measure of decency that it is not a reasonable search under the Constitutions of the United States or the Commonwealth of Pennsylvania . . . ." (Doc. No. 33-2, Ex. A.) After hearing testimony at an evidentiary hearing set on the matter, Judge Michael A. George denied the motion. (Doc. No. 33-4.) Judge George noted in his order that he did not find Butler's testimony credible about the circumstances of the search. (Id. at 6 n.2.) Largely adopting Hartlaub's version of the events, Judge George found that while the search was "thorough," and "perhaps ill-advised," it did not violate the Constitution. (Id. at 5-6.) Butler utlimately pleaded guilty to the charges against him and is currently serving a term of imprisonment. (Doc. No. 32 ¶ 19.)

### B. Procedural Background

Butler filed his initial *pro se* complaint along with a motion to proceed *in forma pauperis* in this matter on December 16, 2008. The Court granted the motion and after preliminary review of the complaint directed Butler to file an amended complaint (Doc. No. 10), which he did on February 24, 2009. (Doc. No. 11.) After Defendants answered the amended complaint (Doc. No. 15), the Court determined the issues raised under the circumstances justified the Court to

make a request for volunteer counsel to represent Butler in this matter. (Doc. No. 16.) Volunteer counsel entered their appearance in this case and filed a second-amended complaint. (Doc. No. 25). Subsequently, defendants Hartlaub, Brumbaugh, and the Attorney General of Pennsylvania answered the complaint (Doc. No. 30) and filed the present motion for summary judgment (Doc. No. 31).

**C. Standard of Review**

Defendants have moved for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, which provides that "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d

3

Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. Anderson, 477 U.S. at 249. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In making this determination, the Court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

## II.  DISCUSSION

Defendants contend that Butler is barred from relitigating the constitutionality of this search because of collateral estoppel. (Doc. No. 34 at 5-8.) They argue Butler had a full and fair opportunity to litigate the same issue in his state criminal proceedings. (Doc. No. 34 at 5.)

Collateral estoppel doctrine has developed to prevent a party from re-litigating issues that have already been adjudicated, so "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94 (1980) (citing Montana v. United States, 440 U.S. 147, 153 (1979)). This defense is available in an action brought under § 1983 where the plaintiff tries to relitigate issues decided against them in state criminal proceedings. Anela v. City of Wildwood, 790 F.2d 1063, 1068 (3d Cir. 1986). In evaluating the collateral estoppel effect of a state court proceeding, the district court must "apply

4

the law of the state where the criminal proceeding took place and also ascertain whether the party against whom the estoppel is asserted had a full and fair opportunity to litigate the issue decided in the state court." Id.

Under Pennsylvania law, collateral estoppel is established where:

> 1) the issue decided in the prior adjudication was identical with the one presented in the later action, 2) there was a final judgment on the merits, 3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, 4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

Walker v. Horn, 385 F.3d 321, 337 (3d Cir. 2004) (citing Shuder v. McDonald's Corp., 859 F.2d 266, 273 (3d Cir. 1988)); see also Shaffer v. Smith, 673 A.2d 872, 874 (Pa. 1996). Courts in Pennsylvania and the Third Circuit have at times also required that the determination made in the prior proceeding was "essential to the judgment." See e.g., Office of Discipline Counsel v. Kiesewetter, 889 A.2d 47, 50-51 (Pa. 2005).

Butler argues that the elements of collateral estoppel have not been met in this case (Doc. No. 41 at 4-8); the Court will focus on his contention that Defendants have failed to show that the issues raised in the motion to suppress were essential to the eventual final judgment rendered in the criminal case as a result of Butler's guilty plea (Id. at 6).

The Third Circuit addressed a similar situation in Linnen v. Armainis, 991 F.2d 1102 (3d Cir. 1993). Linnen's case involved a § 1983 claim for an alleged illegal search of his apartment. Id. at 1103-04. The search led to criminal drug and weapon charges being brought against Linnen in state court. Id. Though Linnen attempted to raise his issues with the search in a *pro se* suppression motion, he pleaded guilty to the charges before his counsel or the court had an opportunity to further address the suppression issue. Id. Reviewing Pennsylvania and federal

5

law, the Third Circuit held that the district court had erred in dismissing Linnen's § 1983 claim on collateral estoppel because a guilty plea does not bar a subsequent § 1983 action unless the issues were actually litigated and necessary to support the judgment entered in the prior proceeding. Id. at 1105 (citing Haring v. Prosise, 462 U.S. 206, 315 (1983)). The court ultimately determined that collateral estoppel could not apply to Linnen's guilty plea because the suppression issue was never "actually litigated" in the criminal proceeding, but noted, in addressing the "necessary to support the judgment" requirement, that "a successful suppression motion may have given Linnen a complete defense to the offenses with which he was charged . . . ." Id.

The Court finds Linnen instructive in this case. Here, there is no question that the suppression motion was "actually litigated" in the prior criminal proceeding before Butler entered his guilty plea. (See Doc. No. 33-4.) There is no indication, however, that the state court's determination on the suppression issue was essential to Butler's guilty plea and ultimate judgment. As the Third Circuit suggested in Linnen, one manner in which the determination on the suppression issue could be essential to the judgment is if it is clear the suppression of evidence would provide a complete defense to the charges. Indeed, Defendants argue that the suppression determination was crucial because "it was essential to the final judgment in the state-court proceeding that there be admissible evidence against Butler." (Doc. No. 45 at 6.) Considering the record evidence in the light most favorable to Butler, however, the Court finds that Defendants have not pointed to sufficient evidence in the record to support this assertion. As Butler points out, Defendants do not indicate the specific charges brought against Butler, the elements of those charges, or the evidence that may have been used against Butler to establish

6

his guilt. (Doc. No. 41 at 6 n.3.) It is therefore not clear from the available record that suppression of the evidence found on Butler's person was essential to the court accepting his guilty plea or that suppression would have established a complete defense to the charges. Accordingly, all the requirements for collateral estoppel have not been established; Defendants' motion for summary judgment must be denied.

## III. CONCLUSION

For the foregoing reasons, the Court will deny Defendants' motion for summary judgment. An order consistent with this memorandum will follow.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE D. BUTLER, : | |
| : | Civil Case No. 1:08-CV-2240 |
| Plaintiff : | |
| : | (Chief Judge Kane) |
| v. : | |
| : | |
| WILLIAM HARTLAUB et al. : | |
| : | |
| Defendants : | |

## ORDER

**AND NOW**, on this 27th day of October 2010, upon consideration of Defendants William Hartlaub and John Brumbaugh's motion for summary judgment (Doc. No. 31), joined by Defendant Conewago Township Police Department (Doc. No. 42), and for the reasons discussed in the Court's memorandum opinion filed herewith, **IT IS HEREBY ORDERED THAT** the motion is **DENIED**.

    S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania