**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANDRE D. BUTLER,** | : | |
| **Plaintiff** | : | |
| | : | **Civil Action No. 1:08-cv-02240** |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **WILLIAM HARTLAUB, et al.,** | : | |
| **Defendants** | : | |

**MEMORANDUM**

Presently pending before the Court is Defendants William Hartlaub and John

Brumbaugh's motion for summary judgment.  (Doc. No. 88.)  The motion has been fully briefed

and is ripe for disposition.  For the reasons that follow, the Court will deny the motion.

**I.     BACKGROUND**[1]

On April 11, 2008, Defendants William Hartlaub and John Brumbaugh arrested Plaintiff

Andre D. Butler at a Food Lion grocery store parking lot in Hanover, Pennsylvania.  (Doc. No.

89 ¶¶ 1-2.)  During the arrest, Defendants claim that Defendant Hartlaub searched Plaintiff and

"felt a bulge in [Plaintiff's] crotch area which was inconsistent with the human anatomy."  (Id.

¶¶ 10-11.)  At this point, while still in the parking lot, Defendant Hartlaub cut a portion of

Plaintiff's underwear to retrieve the object.  (Id. ¶ 14.)  Defendant Hartlaub found approximately

one-half ounce of a substance believed to be cocaine in Plaintiff's underwear.  (Id. ¶ 16.)

The exact circumstances of this search are in dispute.  Plaintiff alleges that Defendant

Hartlaub pulled down his pants and used a knife to cut off his underwear, resulting in his genitals

and buttocks being completely exposed in the Food Lion parking lot for a significant length of

---

[1] The following facts are undisputed unless otherwise indicated.  (See Doc. Nos. 89, 92.)

time.  (Doc. No. 92 ¶¶ 9, 15.)  Defendants deny that Defendant Hartlaub pulled down Plaintiff's

pants and that Plaintiff was fully exposed to the public.  (Doc. No. 89 ¶¶ 13, 17.)

As a result of this arrest and search, Plaintiff was charged with possession with intent to

deliver a controlled substance, in violation of 35 P.S. § 780-113(a)(30), in the Court of Common

Pleas of Adams County, Pennsylvania.[2]  (Doc. No. 89 ¶ 3; Doc. No. 90-4 at 2.)  During the state

court proceeding, Plaintiff's counsel filed a motion to suppress the evidence found on Plaintiff's

person during his arrest, contending the search was so intrusive that it was unreasonable under

the constitutions of the United States and of the Commonwealth of Pennsylvania.  (Doc. No. 90-

1 at 3.)  After hearing testimony at an evidentiary hearing on the matter, the court denied the

motion.  (Doc. No. 90-3 at 8.)  In its order, the court largely adopted Defendants' version of the

events and found that while the search was "thorough" and "perhaps ill-advised," it was not

unconstitutional.  (Id. at 6-7.)  Plaintiff ultimately pled guilty to the charge against him.  (Doc.

No. 89 ¶ 19.)

Plaintiff initiated this action against Defendants Hartlaub, Brumbaugh, the Attorney

General of Pennsylvania, and the Conewago Township Police by filing a complaint on

December 16, 2008.  (Doc. No. 1.)  Plaintiff filed an amended complaint on February 24, 2009

(Doc. No. 11), and, after volunteer counsel entered their appearance in this case on January 14,

2010 (Doc. Nos. 18, 19, 20), a second amended complaint was filed on March 3, 2010 (Doc. No.

---

[2] The Court notes that although the parties agree that Plaintiff was prosecuted for possession with intent to deliver a controlled substance, the criminal complaint included as an exhibit in support of Defendants' motion states that Plaintiff possessed with intent to deliver cocaine and did knowingly deliver cocaine.  (Doc. No. 90-4 at 4.)  In addition, the criminal information included as an exhibit in support of the motion charges Plaintiff with two counts of delivery of a controlled substance, in violation of 35 P.S. § 780-113(a)(30).  (Id. at 2.)

2

25).  Plaintiff alleged that Defendants Hartlaub and Brumbaugh violated his Fourth Amendment

right to be free from unreasonable searches and seizures and that Defendant Conewago

Township Police was liable for failure to train.  (Doc. No. 25.)  On March 31, 2010, Defendants

Hartlaub and Brumbaugh filed a motion for summary judgment (Doc. No. 31), which the Court

denied on October 27, 2010 (Doc. No. 64).  On November 24, 2010, the Court dismissed

Plaintiff's claims against Defendant Conewago Township with prejudice.  (Doc. No. 72.)

Defendants Hartlaub and Brumbaugh filed the instant motion for summary judgment and a brief

in support on November 3, 2011.  (Doc. Nos. 88, 91.)  On November 23, 2011, Plaintiff filed a

brief in opposition.  (Doc. No. 93.)  Defendants filed a reply brief on December 7, 2011.  (Doc.

No. 94.)

## II.    STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is

warranted "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A factual dispute is

material if it might affect the outcome of the suit under the applicable law, and it is genuine only

if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a

verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49

(1986).  At summary judgment, the inquiry is whether the evidence presents a sufficient

disagreement to require submission to the jury or whether it is so one-sided that one party must

prevail as a matter of law.  Id. at 251-52.  In making this determination, the Court must "consider

all evidence in the light most favorable to the party opposing the motion."  A.W. v. Jersey City

Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact.  Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004).  Once the moving party has shown that there is an absence of evidence to support the non-moving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument."  Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is warranted.  Celotex, 477 U.S. at 322.  With respect to the sufficiency of the evidence that the non-moving party must provide, a court should grant summary judgment where the non-movant's evidence is merely colorable, conclusory, or speculative.  Anderson, 477 U.S. at 249-50.  There must be more than a scintilla of evidence supporting the non-moving party and more than some metaphysical doubt as to the material facts.  Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

## III.   DISCUSSION

The sole issue Defendants raise in their motion for summary judgment is whether the doctrine of collateral estoppel bars Plaintiff from relitigating the constitutionality of Defendant Hartlaub's search of Plaintiff's person.  (Doc. No. 91 at 5.)  In Plaintiff's state court proceeding, the state court denied a suppression motion filed by Plaintiff on the basis that the search "did not offend constitutional principles."  (Doc. No. 90-3 at 6.)

Collateral estoppel, which precludes parties from litigating an issue resolved in a prior

judicial proceeding, "serves the twin purposes of protecting litigants from assuming the burden

of re-litigating the same issue with the same party, and promoting judicial economy through

preventing needless litigation." McNeil v. Owens-Corning Fiberglas Corp., 680 A.2d 1145,

1148 (Pa. 1996); see also Peloro v. United States, 488 F.3d 163, 174-75 (3d Cir. 2007).  As a

general rule, collateral estoppel applies "[w]hen an issue of fact or law is actually litigated and

determined by a valid and final judgment, and the determination is essential to the judgment."

Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n, 288 F.3d 519, 525 (3d Cir. 2002).  After

the issue has been resolved by a court, that court's "determination is conclusive in a subsequent

action between the parties, whether on the same or a different claim."  Id.

Under 28 U.S.C. § 1738, a federal court is required to give state-court judgments "the

same full faith and credit . . . as they have by law or usage in the courts of such State . . . from

which they are taken."  See Allen v. McCurry, 449 U.S. 90, 106 (1980) (collateral estoppel

applicable in § 1983 suits).  A district court must, therefore, "treat a state court judgment with

the same respect that it would receive in the courts of the rendering state."  Matushita Elec.

Indus. Co. Ltd. v. Epstein, 516 U.S. 367, 373 (1996); see also Marrese v. Am. Academy of

Orthopaedic Surgeons, 470 U.S. 373, 380 (1985).  Accordingly, the Court must look to

Pennsylvania state law with regard to collateral estoppel.

Pennsylvania generally follows the Restatement (Second) of Judgments with respect to

collateral estoppel.  McGill v. Southwark Realty Co., 828 A.2d 430, 434 (Pa. Cmwlth. 2003); see

also Pennsylvania State Univ. v. Cnty. of Centre, 615 A.2d 303, 306-07 (Pa. 1992).

Accordingly, Pennsylvania courts apply the doctrine of collateral estoppel where the following

criteria are met:

> (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final adjudication on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment.

<u>Office of Disciplinary Counsel v. Kiesewetter</u>, 889 A.2d 47, 51 (Pa. 2005); <u>accord</u> Restatement (Second) of Judgments § 27.  In this case, Plaintiff contends that the first and fifth elements have not been satisfied.  (Doc. No. 93 at 4-5.)

**A.      The Issues Are Identical**

Regarding the first element, Defendants must demonstrate that the issue presented in the instant action is identical to the issue that the state court determined.  Defendants assert that the issues are identical because the issue Plaintiff raises here is whether Defendant Hartlaub's search of his person was unreasonable, an issue that the state court determined in its order denying Plaintiff's suppression motion.  (Doc. No. 91 at 9.)  Plaintiff, however, contends that the issues are not identical because the issue presented in the state court proceeding was whether the evidence seized during the search was admissible against him whereas the issue in the instant action is whether Defendants should be held liable for their aggressive tactics used during the search.  (Doc. No. 93 at 5-6.)  Although Plaintiff seeks different relief in the instant action, the Court finds that the core of Plaintiff's complaint alleges that he was subjected to an unreasonable search and seizure under the Fourth Amendment.  (Doc. No. 25 at 5-6.)  Plaintiff raised the same issue in his suppression motion in state court in which he argued that the search was so intrusive that it was unreasonable under the constitutions of the United States and of the Commonwealth of Pennsylvania.  (<u>Id.</u> at 3.)  Thus, the Court concludes that the issue presented here is the same

as the one determined by the state court in ruling on Plaintiff's suppression motion.

**B.      The Determinations Were Not Essential to the Judgment**

With respect to the fifth element, Defendants must prove that the issues decided by the state court in its order denying Plaintiff's suppression motion were essential to the judgment, that is, to Plaintiff's plea of guilty to the charge of possession with intent to distribute a controlled substance.  Kiesewetter, 889 A.2d at 51; see also Alsco-Harvard Fraud Litig., 523 F. Supp. 790, 802 (D.D.C. 1981) ("[It] . . . is clear that the estoppel extends only to those issues that were essential to the [guilty] plea.").  Defendants contend that the issues decided were essential to Plaintiff's plea because "the suppression of the drugs as evidence would [have] preclude[d] the Commonwealth from proving possession with intent to deliver a controlled substance" and would have provided Plaintiff with a complete defense to the charges against him.  (Doc. No. 91 at 9-10.)  Defendants also assert that this Court's order denying Defendants' first motion for summary judgment made clear that this element is satisfied if the suppression of evidence would have provided a complete defense to the charge brought against Plaintiff in the state court proceeding.  (Doc. No. 94 at 5-6.)

First, the Court clarifies that, in its order denying Defendants' first motion for summary judgment, it stated that the Third Circuit suggested in Linnen v. Armanis, 991 F.2d 1102, 1105-06 (3d Cir. 1993), that "one manner in which the determination on the suppression issue could be essential to the judgment is if it is clear that the suppression of evidence would provide a complete defense to the charges."  (Doc. No. 64 at 6 (emphasis added).)  In Linnen, the Third Circuit held that the plaintiff in a Section 1983 action was able to pursue Fourth Amendment claims after entering a guilty plea because he had not pursued a suppression hearing and,

therefore, the issues involved had not been "actually litigated" in state court.  991 F.2d at 1106.

Although the Third Circuit suggested that "a successful suppression motion may have given [the

plaintiff] a complete defense to the offenses with which he was charged," it did not hold that a

successful suppression motion under these circumstances demonstrates that the issues decided in

the motion would be essential to the plaintiff's guilty plea.  Id. at 1105.

Plaintiff, relying on Section 27 of the Restatement (Second) of Judgments, asserts that the

state court's order denying his suppression motion was not essential to his guilty plea because

Defendants have not shown how his plea "was dependent upon the issue litigated in his motion

to suppress."  (Doc. No. 93 at 6.)  Section 27 states that collateral estoppel bars successive

litigation of an issue of fact or law that is actually litigated, determined by a valid and final

judgment, and is essential to the judgment.  Restatement (Second) of Judgments § 27.  In

defining whether a determination is essential, comment h to Section 27 states: "If a judgment

does not depend on a given determination, relitigation of that determination is not precluded."

Id., Comment h.  Similarly, the United States Supreme Court has stated that "[a]  determination

ranks as necessary or essential only when the final outcome hinges on it."  Bobby v. Bies, 129 S.

Ct. 2145, 2152 (2009).

The question before the Court, then, is whether Plaintiff's guilty plea hinged on the

determinations made by the start court in its order denying Plaintiff's suppression motion.  In

assessing this question, the Court finds the Supreme Court's decision in Haring v. Prosise, 462

U.S. 306 (1983), instructive.  The issue in Haring was whether the rules of collateral estoppel

precluded the respondent, who had pled guilty to one count of manufacturing a controlled

substance in state court, from bringing a Section 1983 action in federal court to challenge the

legality of a search of his apartment, which had produced inculpatory evidence.  462 U.S. at 308,

314.  The Supreme Court held that the respondent was not so precluded for three independent

reasons, including the fact that

> none of the issues in the § 1983 action could have been 'necessarily'
> determined in the criminal proceeding.  Specifically, a determination
> that the . . . police officers engaged in no illegal police conduct would
> not have been essential to the trial court's acceptance of [the
> respondent's] guilty plea.  Indeed, a determination that the search . .
> . was illegal would have been entirely irrelevant in the context of the
> guilty plea proceeding."

Id. (emphasis added); see also Burke v. Twp. of Cheltenham, 742 F. Supp. 2d 660, 670 (E.D. Pa.

2010) (finding that the plaintiff's guilty plea to a charge of disorderly conduct in state court did

not bar him from bringing a Section 1983 action to challenge the reasonableness of the searches

that led to his arrest because the Section 1983 action would focus on the circumstances of the

searches and not his culpability for an offense); Pachaly v. City of Lynchburg, 696 F. Supp. 180,

183 (W.D. Va. 1988) (the state court's determination in a suppression hearing that a search was

reasonable was not essential to the plaintiff's acquittal because the acquittal "was not dependent

on" that determination).  Following this reasoning, the Court cannot conclude as a matter of law

that the determinations made by the state court in its order denying the suppression motion were

essential to Plaintiff's decision to enter a guilty plea or to the state court's acceptance of that

plea.

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's conviction in state court

based on his guilty plea does not preclude him from seeking to recover damages under 42 U.S.C.

§ 1983 for an alleged Fourth Amendment violation.  Accordingly, the Court will deny

Defendants' motion for summary judgment.  (Doc. No. 88.)  An order consistent with this memorandum follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANDRE D. BUTLER,** | : | |
| **Plaintiff** | : | |
| | : | **Civil Action No. 1:08-cv-02240** |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **WILLIAM HARTLAUB, <u>et</u> <u>al.</u>,** | : | |
| **Defendants** | : | |

<u>**ORDER**</u>

    **AND NOW**, on this 20th day of January 2012, upon consideration of Defendants

William Hartlaub and John Brumbaugh's motion for summary judgment (Doc. No. 88), **IT IS**

**HEREBY ORDERED THAT** the motion is **DENIED**.

                                          S/ Yvette Kane
                                          Yvette Kane, Chief Judge
                                          United States District Court
                                          Middle District of Pennsylvania